IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES GEDO, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV 09-00166-E-BLW ) |
| STATE OF IDAHO, | ) **MEMORANDUM DECISION** ) **AND ORDER** ) |
| Respondent. | ) ) |

James Gedo has filed a "Notice of Removal" in this Court in which he seeks the removal of ongoing state criminal cases against him to federal court. (Docket No. 1.) It appears that Gedo is awaiting trial or other disposition on state misdemeanor charges of battery, disturbing the peace, injury to children, and injury to property, perhaps in addition to other criminal counts. United States Magistrate Judge Ronald E. Bush reassigned this case to the undersigned District Judge because not all parties had consented to a Magistrate Judge exercising jurisdiction. (Docket No. 6.)

As a general rule, a federal court should abstain from interfering with ongoing state criminal proceedings, *see Younger v. Harris*, 401 U.S. 37, 43-45 (1971), but removal of a state prosecution is statutorily authorized under narrow circumstances. 28 U.S.C. §§ 1442 – 1443. A federal court must examine a

**ORDER - 1**

defendant's notice to determine whether removal is appropriate, and the court has the authority to remand a case, *sua sponte*, for lack of subject matter jurisdiction. 28 U.S.C. § 1446(c)(4).

Removal of criminal cases is available only to a small class of defendants or under unique circumstances in which the state courts are deemed unable or unwilling to enforce a defendant's civil rights. 28 U.S.C. §§ 1442 – 1443. In particular, federal officers who are being prosecuted for acts done in furtherance of their official duties may remove a criminal case. 28 U.S.C. 1442. Members of the armed forces of the United States may remove prosecutions when certain claims or defenses are present. 28 U.S.C. §§ 1442a. Gedo does not allege that he is either a federal officer or a member of the armed forces.

A defendant may also remove a state prosecution to federal court where it is:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443(1) and (2).

The United States Supreme Court has interpreted § 1443(1) as limited to a state court's unwillingness to enforce a law "providing for civil rights stated in

**ORDER - 2**

terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Gedo does not allege that a law providing for racial equality is at issue here, or, if it were, that Idaho state courts are unwilling or unable to enforce the law. Instead, he contends that the State lacks evidence and is maliciously prosecuting him. Broad contentions of deprivations of equal protection and due process such as these will not support removal under § 1443(1). *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citing *Rachel*, 384 U.S. at 792).

The Supreme Court has further clarified that 28 U.S.C. § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Again, Gedo's case does not fall within that category.

For these reasons, the Court finds that "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1446(c)(4). Accordingly, this case shall be remanded to the state courts.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that this case shall be remanded to the Idaho state courts. The Clerk of Court shall close the federal case.

IT IS FURTHER ORDERED that the following motions are dismissed as

MOOT:

1. Petitioner's Motion of Contempt and Motion for Order to Show Cause (Docket No. 4);

2. Petitioner's Motion to Joinder Re: New and Additional State Criminal Cases (Docket No. 7);

3. Petitioner's Motion to Proceed In Forma Pauperis (Docket No. 9); and

4. Petitioner's Motion for Judgement on the Pleadings (Docket No. 11).

DATED:  **August 28, 2009**

*[signature]*

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 4**